# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEWITT WEARY**, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-00038-NJR-RJD |
| | ) |
| **STATE OF ILLINOIS, DEPARTMENT OF** | ) **Jury Trial Demanded** |
| **TRANSPORTATION** & | ) |
| **CLARK KAERICHER**, *in his individual* | ) |
| *capacity*, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

This is a civil action brought to redress employment discrimination based on age and race, and retaliation. Indeed, at the inception of Plaintiff Dewitt Weary's ("Plaintiff"), he was denied the pay level that he was entitled pursuant to collectively bargained terms due to his age. Shortly thereafter, Plaintiff reported this age discrimination to Defendant Clark Kaericher and other supervisors employed by Defendant Illinois Department of Transportation ("IDOT"). Mr. Kaericher told Plaintiff to "take it or leave it" and was repulsed that an older African American would question a younger Caucasian superior and claim age discrimination. Mr. Kaericher and IDOT would later go on to deny Plaintiff a job opportunity – a job for which Plaintiff was exceedingly qualified – because of his age, race, and/or protected reports. This, however, falls short of Defendants' final form of discrimination and retaliation against Plaintiff, which was overt.

1

On, March 13, 2018, Plaintiff was presented with a pre-termination notice prepared by Defendants for allegedly failing to "adhere to the Personnel Policy Manual standards for disruptive conduct and courtesy during [his] probationary period." Critically, the purported disruptive conduct and courtesy was a report made by Plaintiff to the IDOT Special Master, sent just 11 days earlier, explaining that IDOT and Mr. Kaericher committed fraud, violated required RUTAN procedures, and retaliated against him. The other incident of purported disruptive conduct and courtesy, leading to Plaintiff's termination was an email that Plaintiff sent to his union representative on March 12, 2018. This email, like his report to the Special Master, accused Defendants of fraud and requested representation at his upcoming interview. At the instruction of his union, Plaintiff provided Defendant Kaericher a copy of this email on March 12, 2018. The next day, Plaintiff was set for termination by IDOT and Kaericher. He was officially terminated on or around March 26, 2018.

Now, Plaintiff makes claims based on Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000(e), *et seq*.; the Age Discrimination in Employment Act of 1967 ("ADEA"); Section 1 of the 1866 Civil Rights Act, 42 U.S.C. 1981, as amended (discrimination based on age and race/race stereotyping), and Section 1983 of the 1870 Civil Rights Act, 42 U.S.C. 1983 (willful violations of federally protected rights), Plaintiff seeks all the relief provided by these statutes, including injunctive relief.

## JURISDICTION, VENUE AND PARTIES

1. This action is authorized and instituted pursuant to, *inter alia*, 29 U.S.C. § 621 *et set*.; § 706(f)(1), § 706(f)(3), and § 707(a) through (c) of Title VII; 42 U.S.C. §2000e-5(f)(1) §2000e-5(f)(3) and §2000e6(a) through (c), 29 U.S.C. § 626(c), and Plaintiff.

2. Plaintiff, a 50-year-old African American male, resides in and is domiciled in this judicial district. From approximately October 2, 2017, through March 13, 2018, Plaintiff was employed by IDOT as an Engineering Technician I.

3. Plaintiff was an "employee" of IDOT within the meaning of all laws under which he asserts claims.

4. IDOT, an agency of the State of Illinois, has statutory responsibility for planning, construction, operation, and maintenance of Illinois' transportation network.

5. At times pertinent to the allegations of this Complaint, Clark Kaericher acted under color of Illinois law and within the scope of his authority as employees of the State of Illinois.

6. At times pertinent to the allegations of this Complaint, Clark Kaericher was personally involved in depriving Plaintiff of his rights and discriminating and/or retaliating against Plaintiff.

7. IDOT is a state-created governmental body created by and acting pursuant to the laws of Illinois. It is organized, operated, and funded pursuant to state and federal law.

8. IDOT is an "employer" within the meaning of Title VII and the ADEA.

9. Defendant Kaericher was Plaintiff's supervisor at IDOT.

10. At all times relevant to this Complaint, Mr. Kaericher was employed by IDOT as Administrative Services Manager. His duties consisted of, *inter alia*, managing 530 permanent and 200 temporary employees over an 11 county area; administering an $81 million budget for the Office of Highways; directing and evaluating the staff and resources of IDOT District 8's Human Resources, Financial Services, and Business Services Departments; supervising the hiring of all full-time, part-time, and temporary positions; and working with unions on employee grievances and disciplinary matters.

**FACTUAL ALLEGATIONS**

11. Plaintiff was hired by IDOT on or around October 2, 2017, as an Engineering Technician I ("ETI"). Plaintiff, notwithstanding his experience and education, was provided a starting salary of $2,640.00 per month. This was the lowest possible starting salary for this job.

12. Upon information and belief, individuals under the age of 40, with similar – or less – experience and education than Plaintiff, have been and are, given a significantly higher starting salary.

13. Upon being offered this salary by Defendant Kaericher, Plaintiff informed Kaericher that his initial salary seemed low. Kaericher told Plaintiff to "take it or leave it."

14. Kaericher was upset and repulsed that an older African American would question a younger Caucasian superior.

15. Plaintiff went on to report his salary issue to IDOT's EEO official and included in that report his belief that his low starting salary was due to his age and race.

16. Notwithstanding the discriminatory salary, Plaintiff started work and performed satisfactorily.

17. During his employment, Plaintiff applied for a promotion – Relocation Manager (RS III). Plaintiff's combined education and work experience exceeded IDOT's job requirements for the position.

18. In preparation for interviewing for the promotion, Plaintiff took the RUTAN interview class held at District 8 headquarters in or around January/February 2018. He thoroughly prepared for his upcoming interview; he researched the position extensively, met the head of the department, studied the land acquisition manual, and spoke with the last employee to have served in the position.

19. On February 15, 2018, Plaintiff was interviewed by Defendant Kaericher and Pam Johnson. It was clear that Defendant Kaericher was driving the interview and that Ms. Johnson was not a critical decision maker for the job.

20. Despite Plaintiff's qualifications and preparation, he was not given the job.

21. Upon information and belief, Plaintiff was not hired because of his age and because he made reports about age and race discrimination with respect to his salary.

22. A younger employee with less education and experience was promoted. This employee – upon information and belief – did not engage in any protected activity. This employee was less qualified than Plaintiff.

23. Plaintiff was provided with two reviews during his employment with IDOT. The first, evaluated his performance from October 2, 2017, to January 2, 2018. Plaintiff's total score for that review exceeded expectations.

24. His second review was given to him on March 12, 2018. It evaluated his performance from October 2, 2017, to March 12, 2018. This was his Final Probation Evaluation. His overall performance was marked by his supervisor as "Performance is acceptable and accomplishes objectives. Results range from meets expectations to exceeds job requirements."

25. Despite his satisfactory performance being noted just one day prior, on March 13, 2018, Plaintiff was issued a pre-termination notice prepared by Defendants IDOT and Kaericher for allegedly failing to "adhere to the Personnel Policy Manual standards for disruptive conduct and courtesy during [his] probationary period."

26. The purported disruptive conduct and courtesy leading to his dismissal were two reports made by Plaintiffs wherein he reported to his supervisor(s) and other Illinois employees or

officers his reasonable, good faith belief that Defendant Kaericher, IDOT, and other Illinois employees violated the law.

27. The first was a report prepared by Plaintiff and sent to the IDOT Special Master, just 11 days before his termination, on March 2, 2018, explaining that IDOT and Mr. Kaericher committed fraud, violated required RUTAN procedures, and retaliated against him in violation of those laws and Title VII and/or the ADEA.

28. The second incident of purported disruptive conduct and courtesy that formed the basis of his termination was an email that Plaintiff sent to his union representative on March 12, 2018. This email, like his report to the Special Master, accused Defendants of fraud and requested representation at his upcoming interview. At the instruction of his union, Plaintiff provided Defendant Kaericher a copy of this email on March 12, 2018.

29. The day after Defendant Kaericher received Plaintiff's report of illegal conduct, Plaintiff was set for termination by IDOT and Kaericher. He was officially terminated on or around March 26, 2018.

30. Defendant Kaericher was personally involved in the initiation of Plaintiff's termination hearing.

31. At his termination hearing, Defendant Kaericher personally admitted that Plaintiff was being terminated for accusing Kaericher and other state officials of committing a crime. Moreover, the only two exhibits used at the termination hearing were the reports mentioned above.

32. On October 4, 2018, Plaintiff filed a Charge of Discrimination with the EEOC, alleging discrimination based on Race, Retaliation, and Age.

33. On October 16, 2018, the EEOC issued Plaintiff a Notice of Suit Rights authorizing him to pursue his Title VII and ADEA claims in this Court.  A true and accurate copy of Plaintiff's Charge of Discrimination and Right to Sue notice is attached hereto as **Exhibit A**.

34. Upon information and belief, Plaintiff received his Right to Sue on or around October 17, 18, or 19, 2018.

35. Plaintiff has filed this lawsuit within 90 days of his receipt of the Right to Sue notice.

## COUNT I
**Race Discrimination, Age Discrimination, and Retaliation in Violation of CRA of 1866, Section 1981**
*(Against Defendant Clark Kaericher)*

36.  Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

37. Section 1981 of the CRA of 1866, as amended, prohibits employers from subjecting their employees to discrimination or retaliation with respect to terms, conditions, benefits, or privileges of employment based on age, race or color, or protected activities.

38. Section 1981 of the CRA of 1866, as amended, also grants all persons within the jurisdiction of the United States the same rights to make and enforce contracts and to the full and equal benefits of the law as is enjoyed by white citizens.

39. Defendant Kaericher denied Plaintiff equal terms, conditions, benefits or privileges of employment because of his age, race, or color and/or retaliated against Plaintiff for reporting discrimination, by paying him a discriminatorily suppressed salary, failing to promote him, and terminating his employment.

40. Defendant Kaericher was personally involved in determining Plaintiff's salary, failing to promote Plaintiff, and terminating Plaintiff's employment.

41. Plaintiff's age, race, color and/or protected activity was a motivating factor for Kaericher's conduct towards him.

42. Kaericher's actions were willful, intentional, and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by Defendant Kaericher.

43. Plaintiff was damaged by Defendant Kaericher's conduct.

## COUNT II
### Race Discrimination and Retaliation in Violation of Title VII
(*Against Defendant IDOT*)

44. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

45. Title VII prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits, or privileges or employment based on their race or color and from retaliating against employees based on protected activities.

46. IDOT denied Plaintiff equal terms, conditions, benefits, or privileges of employment because of his race or color and/or retaliated against Plaintiff for reporting discrimination by paying him a discriminatorily suppressed salary, failing to promote him, and terminating his employment.

47. Plaintiff's race, color, and/or protected activity was a motivating factor for IDOT's conduct towards him.

48. IDOT's actions were willful, intentional, and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by IDOT.

49. Plaintiff was damaged by IDOT's conduct.

## COUNT III
### Age Discrimination and Retaliation in Violation of the ADEA
*(Against Defendant IDOT)*

50. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

51. The ADEA prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits, or privileges or employment based on their age and from retaliating against employees based on protected activities.

52. IDOT denied Plaintiff equal terms, conditions, benefits, or privileges of employment because of his age and/or retaliated against Plaintiff for reporting age discrimination by paying him a discriminatorily suppressed salary, failing to promote him, and terminating his employment.

53. Plaintiff's age and/or protected activity was a motivating factor for IDOT's conduct towards him.

54. IDOT's actions were willful, intentional, and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by IDOT.

55. Plaintiff was damaged by IDOT's conduct.

## COUNT IV
### Unlawful Deprivation of Federally Protected Rights (Equal Protection Clause of the Fourteenth Amendment, Section 1983)
*(Against Defendant Kaericher)*

56. Plaintiff repleads the allegations contained in all paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

57. Defendant Kaericher is a "person" as used under Section 1983.

58. The Equal Protection Clause of the Fourteenth Amendment precludes individuals acting under color of state law from denying individuals equal treatment on the basis of age, race or color, or for engaging in protected activity.

59. Defendant Kaericher deprived Plaintiff of his federally protected rights under the Equal Protection Clause of the Fourteenth Amendment because of his age, race or color, and/or protective activity, while acting under color of state law, by paying him a discriminatorily suppressed salary, failing to promote him, and terminated his employment.

60. Defendant Kaericher was personally involved in determining Plaintiff's salary, failing to promote Plaintiff, and terminating Plaintiff's employment.

61. Plaintiff's age, race or color, or protected activity was a motivating factor in Defendant's conduct towards him.

62. Defendant Kaericher's actions were willful, intentional, and/or done maliciously or with callous disregard or reckless indifference to Plaintiff's federally protected rights.  Exemplary damages are warranted to prevent similar unlawful conduct by Defendant Kaericher.

63. Plaintiff was damaged by Defendant's conduct.

## **RELIEF SOUGHT – ALL COUNTS**

**I.        Injunctive Relief to Cease Unlawful Race and Age Discrimination and Retaliation**

Defendants' unlawful discriminatory (due to age and race/color) and retaliatory conduct must be attacked from several directions.  Accordingly, Plaintiff respectfully requests that the Court enter an order declaring Defendants violated the CRA of 1866, Section 1981, the ADEA, Title VII, and the Equal Protection Clause of the Fourteenth Amendment and directing that Defendants:

> a) Review, de novo, the reasons for Plaintiff's termination and issue an order stating that IDOT did not comply with federal law regarding his termination;

    b) Reinstate Plaintiff to the position of RS III (the position he was discriminatorily and/or retaliatorily denied) with full seniority and benefits and proper salary;

    c) Conduct training for all managers regarding racial and age discrimination, retaliation and IDOT's policy regarding race and age discrimination and retaliation for discrimination or the reasonable belief of discriminatory activities;

    d) Conduct training regarding how to prevent bias (including stereotypes) from impeding the advancement of African-Americans and individuals over the age of 40 in the workplace;

    e) Forbid future violations of the CRA of 1866, Section 1981, Title VII and the Equal Protection of the Fourteenth Amendment and other laws prohibiting race and age discrimination and retaliation in the workplace;

    f) Adopt policies aimed at preventing and remedying any future violations that may occur, including an effective reporting procedure and effective investigation procedures that prevent retaliation; and,

    g) Notify employees of the violation(s) and the remedy imposed by this Court.

## II.     Other Relief as the Court Deems Just and Equitable

Plaintiff also respectfully requests that the Court order other monetary (consistent with the strictures of the Eleventh Amendment) and/or equitable relief, including, but not limited to:

    a) Enjoining Defendants from further unlawful conduct;

    b) Lost past and future wages (including benefits and interest), compensatory damages, liquidated or double damages and punitive damages;

    c) Other monetary expenses incurred by Plaintiff as a result of Defendants' conduct;

    d) Attorneys' fees and costs (including any expert witness's fees); and,

    e) All other and relief that the Court may deem equitable, just or appropriate that is available under applicable law.

## JURY DEMAND

Plaintiff demands a trial by jury of all issued raised in this Complaint.

- 12 -

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ S. Cody Reinberg*
S. Cody Reinberg, Mo. Bar #66174
9666 Olive Blvd., Suite 202A
St. Louis, MO 63132
314-391-9557 p/f
creinberg@hkm.com

Attorneys for Plaintiff Dewitt Weary

Electronically filed on April 9th, 2019

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed via the Court's electronic filing system on this 9th day of April 2019, and has been served on all parties to this action by way of the Court's ECF/CM software.

/s/ *S. Cody Reinberg*